**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDY MARTIN SALVADOR NOLASCO,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-09248-JLT-SAB<br><br>A-Number: 216-985-140<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Fredy Martin Salvador Nolasco's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS** the petition for writ of habeas corpus.

## II. BACKGROUND

Petitioner is from El Salvador and entered the United States as a minor without inspection on or about June 4, 2021, where he was encountered by U.S. Border Patrol near San Luis, Arizona. (Doc. 1 at 6; Doc. 9-1 at 2.) Because Petitioner was a minor, he was transferred to a group home in Kansas where he lived for approximately six months until his sponsor was

approved. (Doc. 1 at 6.) After being released to a sponsor, Petitioner subsequently moved to Nebraska, and then Florida, notifying immigration officials of each change of address. (*Id.*) Petitioner received a work permit, a social security card, as well as a driver's license. (*Id.*) While living in Florida, he worked at a landscaper and timely filed his taxes. (*Id.*) There is no indication in the record that Petitioner has a criminal history or otherwise presents a flight risk or danger to the community. Yet, on or about August 15, 2026, ICE officers arrested Petitioner following a traffic stop. (Doc. 9-1 at 2.) After experiencing multiple transfers across the country, Petitioner is currently detained at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 8.) On October 13, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 19.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. DISCUSSION

Respondents concede that the detention authority in this case is 8 U.S.C. § 1226(a) and "recognize that by this Court's interpretation of the due process clause, the fact that Petitioner has been previously released from immigration custody and has no known criminal history places Petitioner into the category of cases in which this Court has typically ordered immediate release." (Doc. 9 at 1) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026)). Respondents make no attempt to distinguish this case from the many decisions granting immediate release when Respondents fail to demonstrate any circumstances that would warrant a

finding that a Petitioner is a flight risk or a danger to the community. *See Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, for the reasons stated in the orders cited above, the Court concludes that petitioner's detention without notice and a pre-detention hearing violates due process and will order petitioner's immediate release. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**
2. The motion for temporary restraining order, (Doc. 4), is **DENIED** as **MOOT**.
3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

///

///

///

///

///

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

3. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

4. The Clerk of Court is directed to close this case. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: Nov. 21, 2026

JENNIFER L. THURSTON
U. S. District Judge